UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH MORALES,

        Petitioner,               Case Number: 08-12097-BC
                                                   Honorable Thomas L. Ludington

v.

SHIRLEE A. HARRY,

        Respondent.
                                          /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR ORDER GRANTING LEAVE TO FILE ANSWER INSTANTER, DENYING PETITIONER'S MOTION FOR JUDICIAL NOTICE, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Joseph Morales is currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. On April 19, 2008, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in this Court. Petitioner was convicted by a jury in Oakland County Circuit Court and sentenced to fourteen to fifty years' imprisonment on each of three counts of first-degree criminal sexual conduct and five to fifteen years' imprisonment on each of four counts of second-degree criminal sexual conduct. The Michigan Court of Appeals affirmed the convictions, *People v. Morales*, No. 234683 (Mich. Ct. App. June 28, 2002), and the Michigan Supreme Court denied leave to further appeal. *People v. Morales*, 661 N.W.2d (table) (Mich. Apr. 8, 2003). Petitioner filed a motion for relief from judgment in the trial court on January 14, 2004, which was denied. *People v. Morales*, No. 99-169490 (Oakland County Cir. Ct. May 26, 2004). Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. *People v. Morales*, No. 262925 (Mich. Ct. App. Jan. 23, 2006); *People v. Morales*, 718 N.W.2d 358

(Mich. July 31, 2006).

I

In addition to the habeas petition, three motions are also pending before the Court. First the Court will address Respondent's motion for order granting leave to file answer instanter [Dkt. # 7], filed on November 21, 2008. Second, the Court will address Petitioner's motion to give judicial notice that Respondent's motion for summary judgment and dismissal of petition for writ of habeas corpus and brief in support is without merit and is not in compliance with the order requiring responsive pleading [Dkt. # 9], filed on December 4, 2008. Third, and finally, the Court will address Respondent's motion for summary judgment [Dkt. # 8], filed on November 21, 2008, which generally contends that the habeas petition is not timely.

A

Respondent's motion for order granting leave to file answer instanter [Dkt. # 7] requests that the Court accept the responsive pleading, which was filed one day late. Based upon the motion and supporting documents, Respondent's failure to timely respond was the result of excusable neglect and the motion will be granted. The responsive pleading will be accepted for filing and considered by the Court.

B

In his motion to give judicial notice, Petitioner contends that Respondent's summary judgment motion cannot be granted because when the Court ordered a response to his petition, it stated that the petition was not subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the Court must promptly examine a habeas petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner

is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Petitioner provides no authority for the proposition a summary judgment motion cannot be brought after a habeas petition survives initial screening under Rule 4. The Court is not aware of any authority and Petitioner's motion will be denied.

C

In the motion for summary judgment [Dkt. # 8], Respondent contends that the habeas petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. Under the Act, a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on April 9, 2003, the day after the Michigan Supreme Court denied

-3-

leave to appeal his conviction. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on July 17, 2003. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Thus, the limitations period for a federal habeas petition commenced on July 18, 2003.

Petitioner filed a motion for relief from judgment in the trial court on January 14, 2003. That motion, a properly filed motion for collateral review, tolled the limitations period, after 180 days had elapsed. The trial court denied Petitioner's motion for relief from judgment, and Petitioner appealed the denial to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on July 31, 2006. *People v. Morales*, 718 N.W.2d 358 (Mich. July 31, 2006). The limitations period for a federal habeas petition resumed running on August 1, 2006. The limitations period continued to run, uninterrupted, until it expired on February 1, 2007. Petitioner did not file his petition before this Court until April 19, 2008.

Petitioner argues that the limitations period should be equitably tolled because he tried several times to file his petition with this Court, but the Court had no record of his filing. Significantly, "AEDPA's one-year statute of limitations is not jurisdictional, [and] a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)). To be entitled to equitable tolling, a petitioner must

show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit Court of Appeals has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Petitioner asserts that his wife undertook the following steps to file his habeas petition in this Court: On September 25, 2006, Petitioner's wife mailed his habeas corpus petition to this Court. On October 2, 2006, Petitioner's wife sent by certified mail a copy of his habeas petition to the Court. On October 31, 2006, Petitioner's wife hand-delivered the habeas corpus petition to this Court. Petitioner also asserts that on February 27, 2007, he mailed to the district court's clerk's office a request for the case number and district judge assigned to his case. Petitioner asserts that he sent a second letter requesting the same information on May 21, 2007. After receiving no response, Petitioner asserts that he sent a third request for information to the Court on February 18, 2008. In response to that letter, Petitioner received a response from the Court indicating that the Clerk's Office had no record of his case. The pending petition was signed on April 19, 2008.

Even assuming that Petitioner's summary of his attempts to file his habeas petition are true and accurate, Petitioner is not entitled to equitable tolling of the limitations period because he did not act diligently in ensuring that his petition was properly filed. After Petitioner and his wife's

attempt to file the petition in October 2006, Petitioner waited four months to inquire as to whether the petition had been properly filed. After receiving no response to his inquiry, he waited another three months to follow up. Still receiving no reply, he waited nine more months, for a total of almost a year and a half, to inquire as to the status of his petition. After learning on March 19, 2008, that the Court had no record of his petition, Petitioner waited another month to file his habeas petition. Given the cumulative delay, the present case simply does not present a rare circumstance warranting equitable tolling of the limitations period. *See, e.g.*, *Webb v. Cason*, No. 02-72788, 2003 WL 21355910, at * 5-6 (E.D. Mich. May 30, 2003), affirmed, 115 F. App'x 313 (6th Cir. 2004), cert. denied, 545 U.S. 1120 (finding the petitioner was not entitled to equitable tolling when his original post-conviction motion had been misplaced by the Detroit Recorder's Court, but the petitioner offered no explanation as to why he waited over one year to refile his motion for relief from judgment); *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999); *Almond v. Prelesnik*, No. 1:07-cv485, 2007 WL 1774381, at *1-2 (W.D. Mich. June 18, 2007); *Perez v. Birkett*, No. 2:05-cv-74003, 2006 WL 3751166, at *4 (E.D. Mich. Dec. 18, 2006). *See also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[P]etitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions."). Thus, Respondent's motion for summary judgment will be granted and the petition for habeas corpus denied.

### III

Based on the foregoing, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable

jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. When a district court denies a habeas petition on procedural grounds, the petitioner must also demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has not demonstrated that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

Accordingly, it is **ORDERED** that Respondent's motion for order granting leave to file answer instanter [Dkt. # 7] is **GRANTED**.

It is further **ORDERED** that Petitioner's motion to give judicial notice that Respondent's motion for summary judgment and dismissal of petition for writ of habeas corpus and brief in support is without merit and is not in compliance with the order requiring responsive pleading [Dkt. # 9] is **DENIED**.

It is further **ORDERED** that Respondent's motion for summary judgment [Dkt. # 8] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 1, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 1, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS